UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| NCDR LLC, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. L-12-36 |
| § | |
| MAUZE & BAGBY, PLLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER DENYING MOTIONS TO DISMISS

Plaintiff Kool Smiles[1] runs a national chain of clinics that provide dental care to children who have limited or no access to regular oral health services. (Dkt. 17 at 3.) Defendant Mauze & Bagby[2] is a San Antonio law firm that engaged in an advertisement campaign soliciting former Kool Smiles patients. (Dkt. 1 at 7, 9-10; Attach. 4 at 6-12.) As part of the campaign, Mauze & Bagby began running television, radio, and internet advertisements and established a website that accused Kool Smiles of mistreating and performing unneeded dental work on patients. (Dkt. 1 at 7, 9-10; Attach. 4 at 6-12.) Based on Mauze & Bagby's actions, Kool Smiles brings several causes of action under federal law for trademark infringement, false advertising through a false designation of origin, and cyber-piracy under the Lanham Act. (Dkt. 1 at 20-22.) Kool Smiles also brings state law claims of defamation, business disparagement, injury to business reputation, and trade name and service mark dilution. (*Id.* at 22-29.)

---

[1] In fact, this case has been filed by three plaintiffs: NCDR, LLC; Dentistry of Brownsville, PC d/b/a Kool Smiles; and KS2 TX, P.C. d/b/a Kool Smiles. The Court will refer to them collectively as "Kool Smiles."

[2] Kool Smiles has filed suit against three defendants: Mauze & Bagby, PLLC; George Watts Mauze II; and James Thomas Bagby III. The Court will refer to them collectively as "Mauze & Bagby."

Pending are Mauze & Bagby's motions to dismiss. One motion is brought pursuant to the Texas' Citizen Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001 *et seq.*, an Anti-SLAPP[3] law that allows for a claim's pre-discovery dismissal where the defendant can show that the claim relates to the defendant's exercise of free speech, *id.* § 27.003.[4] (Dkt. 17.) The other motion is brought pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to plead with sufficient particularity and for failure to state a claim on which relief may be granted, respectively. (Dkt. 14.) For the reasons below, Mauze & Bagby's Motions (Dkts. 14 & 17) are hereby DENIED.

## Discussion

### I. The TCPA Does Not Provide Mauze & Bagby With a Defense to Kool Smiles' Complaint

Mauze & Bagby allege that Kool Smiles filed the immediate lawsuit in an attempt to "silence and hinder Defendant Mauze & Bagby and their clients' rights of freedom of speech and petition." (Dkt. 17 at 1.) As such, they argue that the TCPA should apply and protect them from suffering the costs of litigation. (*See id.* at 9-10.) In response, Kool Smiles contends that the TCPA does not apply to their federal claims. (Dkt. 24 at 26.) In turn, because the federal claims will survive the immediate motion to dismiss, Kool Smiles argues that the state claims should survive as well. (*Id.* at 25-27.) Kool Smiles further argues that even if the TCPA does apply, the motion to dismiss must fail because their suit targets speech that is exempted from the TCPA's

---

[3] "SLAPP" is an acronym for "Strategic Litigation Against Public Participation." Like other Anti-SLAPP laws, the purpose of Texas' Anti-SLAPP law is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government . . . and, at the same time, protect the rights of a person to file meritorious lawsuits." Tex. Civ. Prac. & Rem. Code § 27.002.

[4] If the defendant meets their burden, the burden then shifts to the plaintiff who must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005.

protections. (*Id.* at 28-29.)

### A. The TCPA Does Not Apply To Federal Claims

The TCPA does not apply to Kool Smiles' federal claims because of the Supremacy Clause of the United States Constitution. "It is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that interfere with or are contrary to federal law." *Hillsborough Cnty., Fla. v. Auto. Med. Labs., Inc.*, 471 U.S. 707, 712 (1985) (internal quotations omitted). State laws cannot create obstacles to the accomplishment and execution of the full purposes and objectives of federal statutes and regulations. *Id*. at 713. In the context of a federal cause of action, a state's Anti-SLAPP statute may create such an obstacle or interference that precludes a federal court from applying the state statute. *See Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1094 (C.D. Cal. 2008) (collecting cases); *Yeshiva Chofetz Chaim Radin, Inc. v. Vill. of New Hempstead*, 98 F. Supp. 2d 347, 359-60 (S.D.N.Y. 2000); *S. Middlesex Opportunity Council, Inc. v. Town of Framingham*, 2008 WL 4595369 at *8-9 (D. Mass., Sept. 30, 2008).

Here, Kool Smiles has brought three claims under the Lanham Act. (Dkt. 1 at 3.) If the Court permitted the application of the TCPA to these claims, such would create an obstacle to the federal rights provided by the Lanham Act and interfere with the execution of the Federal Rules of Civil Procedure. *See Hillsborough*, 471 U.S. at 712-13; *New Hempstead*, 98 F. Supp. 2d at 359-60 (recognizing that state Anti-SLAPP statutes conflict with Rule 56); *Framingham*, 2008 WL 4595369 at *11 (citing *Rogers v. Home Shopping Network,, Inc.*, 57 F. Supp. 2d 973, 982-85 (C.D. Cal. 1999)) (recognizing that state Anti-SLAPP statutes conflict with Rules 8 and 12). Due to the frustration the Texas statute might impose on either the Lanham Act or the Federal Rules, the TCPA cannot be applied to Cool Smiles' federal claims.

Kool Smiles argues that, upon determining that the TCPA does not apply to the federal Lanham Act claims, the entire complaint and all of the claims therein must be allowed to stand. However, the Court need not address this argument because, as explained below, the remainder of Kool Smiles' claims may be addressed with well-developed Texas law.

### B. The TCPA Does Not Protect Mauze & Bagby's Speech

Mauze & Bagby's advertisements are not protected by the plain language of the TCPA. The TCPA:

> does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

Tex. Civ. Prac. & Rem. Code § 27.010(b).  Here, Mauze & Bagby are primarily engaged in selling services, namely, legal services to clients.  Their advertisements offer those legal services to potential clients who may wish to sue Kool Smiles.  For these reasons, if the TCPA reaches any of Kool Smiles' state law claims, Mauze & Bagby's conduct at the heart of those claims is exempt from any protection offered under the TCPA.

### II. Kool Smiles' Pleadings are Sufficient

Mauze & Bagby argue that Kool Smiles' complaint is deficient and should be either dismissed, partially stricken, or revised in order to provide a more definite statement.  (Dkt. 14.)

First, Mauze & Bagby contend that Kool Smiles' pleadings falls short of the plausibility standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  (*Id.* at 2-3.)  However, Mauze & Bagby offer no support or reason for their argument beyond their objection to Kool Smiles' incorporation of the preceding paragraphs of factual allegations when introducing each count. (*Id.*)  Such practice is commonplace, has nothing to do with the holdings of *Iqbal*, and is actually

condoned by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading"). As such, this argument is without merit.

Mauze & Bagby also argue that Kool Smiles has failed to state a claim given that the advertisements in question were reviewed by the Advertising Committee for the State Bar of Texas. (Dkt. 14 at 3-4.) However, Mauze & Bagby fail to provide any reason or support as to why the Advertising Committee's review should bind the Court for purposes of this case. The only occasion listed by the State Bar as to when a finding by the Advertising Committee might be binding is during a disciplinary action by the State Bar. Tex. Disciplinary Rules of Professional Conduct 7.07(d). Furthermore, the State Bar adopted its Rules for the maintenance and discipline if its members, not to remedy wrongs between attorneys and non-clients in matters best addressed by state or federal law. *See id.*, Introduction. As such, this argument is also without merit.

Mauze & Bagby's request to strike redundant, immaterial, or scandalous matter from Kool Smiles' complaint fails for similar reasons. (Dkt. 14 at 4.) Specifically, Mauze & Bagby move to strike the claim that "Plaintiffs attempt at length to represent that [Defendants] are in violation of advertising rules." (*Id.*) Despite Mauze & Bagby's arguments, the considerations of the Advertising Committee have no bearing on the sufficiency and form of Kool Smiles' complaint. As such, no paragraphs will be stricken from Kool Smiles' complaint.

Finally, Mauze & Bagby argue that each claim as presented in Kool Smiles' complaint is so vague or ambiguous as to require a more definite statement. (*Id.* at 4-6.) For example, Mauze & Bagby allege that Kool Smiles "fail[ed] to identify the specific federal trademark registration" being infringed. (*Id.* at 4.) However, not only did Kool Smiles provide descriptions along with

the registration numbers for the marks in the very first section of the factual recitation of their complaint (Dkt. 1 at 4-5), *but Kool Smiles attached copies of the registrations, complete with colored photographs of the marks.* (*Id.*; Attachs. 2 & 3.) The remaining deficiencies alleged by Mauze & Bagby, none of which are supported by either law or argument, are equally unfounded. (Dkt. 14 at 4-6.) Because Kool Smiles referenced the precise paragraphs in their complaint supporting the necessary elements of their claims (Dkt. 16 at 14-15), Mauze & Bagby's argument for a more definite statement must fail.

## Conclusion

For the reasons above, Defendants' Motions to Dismiss (Dkts. 14 & 17) are hereby DENIED. Furthermore, Defendants' emergency motion (Dkt. 25) requesting entry of an order scheduling a hearing on Defendants' Motion to Dismiss, Dkt. 17, is MOOT and accordingly DENIED. This case is now referred to the Magistrate Judge for plenary pre-trial handling.

IT IS SO ORDERED.

SIGNED this 5th day of October, 2012.

_____
Diana Saldaña
United States District Judge